UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICAH SMITH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:04CV80 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

On December 13, 2004 I denied the motion to vacate, set aside or correct sentence brought by Micah Smith under 28 U.S.C. § 2255. Smith was represented by counsel in the § 2255 proceeding. He has now filed a pro se motion stating that his counsel never informed him of the denial of the motion. His current motion seeks relief under Rule 60(b), Fed. R. Civ. P., and also references Rule 59, and essentially asks that I reenter the judgment so that he can appeal it, since the time for appeal has passed. He asks in the alternative that I reopen his § 2255 proceeding so that he can add a claim that his counsel in that proceeding was ineffective in failing to notify him of the judgment so that he could appeal.

None of the procedural methods that Smith suggests allow me to reopen a matter that has been closed for over a year. Smith does not provide any substantive arguments for why my decision was in error, which would be required for relief

under Rules 60 or 59.  The time for filing a motion under those rules, or for extending the time for filing a notice of appeal under Rule 4, Fed. R. App. P., has long since passed.  While it is indeed unfortunate if his counsel failed to notify him of the ruling in his § 2255 case, there is no constitutional right to counsel in bringing a post-conviction motion, and there is no relief available for a claim of ineffective assistance of post-conviction counsel.

Procedural issues aside, however, there is no basis for relief on the merits in any event, and there is no injustice done in the denial of the relief Smith seeks here. In denying his § 2255 motion, I denied a certificate of appealability, because none of his grounds for relief raised any substantial showing of the denial of a constitutional right.  Indeed, as the previous order denying the motion sets out, Smith was effectively represented by counsel in the underlying criminal case, he understood his rights and the consequences of pleading guilty, his own post-guilty plea misconduct caused his sentence to be significantly higher than it would have been otherwise, and he validly waived the right to appeal his sentence or file a § 2255 claim when he pleaded guilty.  Although he would have had the right to seek a certificate of appealability on the § 2255 motion from the Court of Appeals even though I had already denied one, it is extremely unlikely that a certificate would have been granted or that he would have obtained any appellate relief, given the

lack of any merit of his claims for relief. Thus, he has not been prejudiced in his inability to appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Micah Smith's motion for relief from judgment [#9] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2006.